## MERILLAT *v.* HOOKER.

APPEAL AND ERROR; STATEMENT OF EVIDENCE.

A motion by the appellee to strike out the statement of the evidence in an equity suit, upon the ground that the transcript of the record contained a great mass of relevant and irrelevant matter, thus obscuring

the issue, was not passed upon, inasmuch as the trial court's finding of fact was found to be correct; and the decree appealed from was accordingly affirmed.

No. 2579.   Submitted December 8, 1913.   Decided January 5, 1914.

HEARING on an appeal by trustees from a decree of the Supreme Court of the District of Columbia, adjudging title to certain certificates in a real estate company, with the accrued dividends thereon, to be in the defendant.        *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree in the supreme court of the District in favor of appellee.  In May, 1910, Anson S. Taylor, as treasurer of the Norwood Real Estate Company (a so-called syndicate of individuals), filed a bill of interpleader alleging that three shares of the syndicate stood in the name of Ella M. Kidder, and on which a dividend of $110 per share was payable; that suit had been entered March 9, 1910, by Mrs. Sadie L. Hooker, appellee herein, to require the Company to transfer the certificates to her and pay her the dividend; that appellants herein, as trustees, had notified the company of their claim to the certificates and dividend.  A decree of interpleader was entered, wherein appellants Charles H. Merillat and Mason N. Richardson, as trustees, were designated plaintiffs, and Mrs. Hooker defendant.  The trustees stood on their bill, while Mrs. Hooker filed an answer, and the cause was prosecuted between these parties.

The Norwood syndicate was organized in 1890.  Some three years later the so-called Le Droit Park Syndicate was organized, Mellen C. Hooker, husband of appellee, being one of the trustees.  Ten years later, in July 1903, a bill was filed in the supreme court of the District to hold Hooker and others liable for funds used in connection with this alleged syndicate.  On April 27, 1904, the bill was amended to charge Hooker with having used funds of this alleged syndicate in connection with his interest in the Norwood syndicate.  The contention here is

that said three shares of stock were attempted to be acquired by Mrs. Hooker subsequent to the filing of said amended bill, April 27, 1904. After a hearing upon the pleadings, testimony, and exhibits, the trial court found "as a fact that Mellen C. Hooker had no interest in the certificates hereinafter mentioned at any time after January, 1894," and adjudged "that the certificates of stock Nos. 69, 70, and 71 of the Norwood Real Estate Company mentioned in the original bill herein, together with all dividends which have accrued thereon, and all profits and income arising therefrom, be and the same are hereby held to belong to, and are awarded to, the defendant Sadie L. Hooker."

The appellee has filed a motion to strike out the statement of evidence on the ground that the transcript of record is not in accordance with the rules of this court. Appellee states: "The first forty-two pages consist of pleadings, and exhibits. Exhibit 'A' (p. 10), fifteen pages of print, has no bearing on the issues except to show the date the suit was filed and its object, for Exhibit 'B' (p. 25), the amendment to the bill, shows the date of the *lis pendens.* A half page would have been sufficient to state the material parts. Exhibit 'C' (p. 26), a decree, is irrelevant except as to the second, third, and tenth paragraphs thereof. It fills five printed pages, whereas its substance could have been stated in less than one page. The material parts of Exhibit 'E' (p. 34) could have been stated in ten lines. The statement of evidence, consisting of fifty-eight pages, could have been condensed to fifteen pages."

*Mr. Charles H. Merillat* and *Mr. Mason N. Richardson* for the appellants.

*Mr. Wharton E. Lester* for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

Upon an examination of the record, we think the above statement of the appellee conservative. The record as presented is

a veritable hodge-podge of relevant and irrelevant matter, and, but for the briefs, it would be an arduous and difficult task to localize the real issue. All this causes needless expense and imposes a needless burden upon the court. Inasmuch, however, as the finding of fact by the court below is conclusive of the issue here, we have examined the testimony and, being of the opinion that the finding is correct, we will affirm the decree without passing upon appellee's motion. We do not discuss the testimony, as no useful purpose would be subserved in so doing. It is enough to say that, in our view, the court was clearly right.

Decree affirmed, with costs. *Affirmed.*